## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010<br><br>This Document relates to:<br>**Pleading Bundle B1** | MDL 2179<br>Section J<br><br>Judge Barbier<br>Magistrate Judge Shushan |
| Edwin E. Yee, Paula Y. Yee, Clayborn J. Adkins, Victoria B. Adkins, Jennie M. Allison on behalf of Dorothy Dempsey Patterson, Ronald L. Arenson, Ellen V. Arenson, Dennis E. Barnes, Charles W. Barnhill, Paula S. Barnhill, Michael J. Baumgartner, Ann K. Baumgartner, Beach Breeze Properties, LLC, Deborah F. Bender, David L. Bender, Jr., William D. Bender, Virginia R. Bender, Scott A. Bender, Lisa D. Bender, James E. Benson, Margaret P. Benson, Phillip C. Benton, Susan G. Benton, Howard J. Berlin, Gina L. Berlin, Alfred P. Bianchi, Barbara J. Bianchi, Pamela B. Blackwell, Jerry H. Blount, Billie R. Blount, Jozan R. Blount, Juanita C. Blount as Trustee for Revocable Living Trust of Juanita Blount, James E. Boatwright, III, Denise G. Boatwright, Lucile Bodenheimer, James W. Holiday, Karl W. Boyles, Jr., Irvin G. Britt, James F. Buchli, Jean O. Buchli, | Case No.<br>Section J<br><br>Judge Barbier<br>Magistrate Judge Shushan |



William L. Byrne, Nuala Byrne, Clifton R. Chatham, Glenda S. Chatham, Desiree J. Cicale as Trustee of Cicale Living Trust, Lisa C. Arredondo, Debra C. Alexakos, Almath M. Cooper, Terri C. Cooper, Stephen R. Copeland, Cottage Lane Properties, LLC, Court of North Hill #6, LLC, Enrique De La Piedra, Cheribeth De La Piedra, Billie M. Delaney as Trustee of Delaney Beach House Qualified Personal Residence Trust, James R. Delaney as Trustee of Delaney Bay House Qualified Personal Residence Trust, Michael D. Dye, Dawn R. Dye, George H. Eckes, Mary L. French, Odie M. Eddins, Alice F. Eddins, Beatriz P. Farver, Douglas K. Farver, Dorothy A. Gill, Jeffrey P. Gill, Laurie Gill, Alice A. Gilley, Albert D. Gray, Jr., Thomas H. Guttery, Charlotte B. Guttery, Drew-Hannah Development, LLC, Eric W. Hanson, Shawna D. Hanson, Donald E. Harrison, Elizabeth T. Harrison, James D. Herring, Laura B. Herring, Michael S. Hickerson, Marie H. Hickman, Robert D. Hickman, Richard S. Holland, Karen P. Holland, Robert T. Holsonback, Barbara A. Holsonback, Gary Holt, Barbara F. Holt, Stewart L. Howard, Clara B. Jackson, Edward F. Jaeger, Shirley J. Jaeger, JH Investments II, LLC, Edna J. Johnson, Jeanne L. Johnson, Robert J. Kelly, Caroline M. Kelly, Carla J. Kesterson, James I. Kirkland, Anita D. Kirkland, Salvatore LaCognata, Maria M.



LaCognata, Ebbin A. Lee, Jacquelyn J. Lee, John H. Lesher, Jr., Sandra M. Lesher, John E. Leuenberger, II, Nattaya S. Leuenberger, Ronnie H. Lewis, Beverly B. Lewis, Timothy J. Madden, Rebecca A. Madden, Barbara S. Martin, Laura L. Martin, Marcia K. Martin, Frederick W. Martin, Thomas J. May, Barbara T. May, Tippie R. McArthur, John H. McCulley, Donald E. Miller, Joan M. Miller, Richard A. Noennich as Trustee for Noennich Living Trust, Deborah A. Noennich as Trustee for Noennich Living Trust, Ocean Blue Condominium Association, Inc., Douglas W. Oehler, Anne M. Olech, Allen M. Olech, Robert D. Pack, Veronica R. Pack, David S. Parda as Trustee of Revocable Trust Agreement of William A. Parda, Scott G. Pate, Tracy F. Pate, Perry-Clifton Enterprises, LLC, W. Allan Peterson as Trustee for W. Allan Peterson Revocable Trust, Frances W. Dunham as Trustee for Frances W. Dunham Revocable Trust, Jonathan K. Phillips, Sujin C. Phillips, Jeffery A. Pitts, Wiley M. Platt, Jr., Julie M. Player, John M. Prout, Nancy R. Prout, Jack W. Ramsaur, II, Sylvia S. Ramsaur, Mark A. Rast, Tammie N. Rast, Thomas W. Rauch, Kel-Lee Rauch, Patrick M. Reily, Dale N. Reily, Michael V. Riesberg, Robert Scott Partnership, E. Earle Rogers, II, Marilyn B. Rogers, William S. Rone, Rita S. Rone, Teri M. Russell as



Personal Representative of Estate of Charles B. Russell, S&P Gulf Development, LLC, Sand Castle #7, LLC, Sonya A. Sawyer, Ken F. Johnson, Karen S. Schell, Michael C. Schell, Kenneth B. Schneider, Kimberly A. Schneider, Dene M. Schoerner, David A. Scragg, Ilba L. Scragg, John P. Seidler, Gail G. Seidler, Anthony Sessa, Sharon Sessa, James C. Sewell, Jr., Cindy L. Sewell, Lawrence C. Skaggs, Pamela J. Skaggs, Billy W. Skelton, Ronald D. Small, Traci T. Small, John C. Smith, III, Michael D. Smith, Cynthia O. Smith, William P. Smith, Timothy A. Spaid, Elizabeth L. Spaid, Richard D. Sprague, Sophie A. Sprague, William R. Sprague, Jr., Katherine N. Sprague, Jack H. Stephens, Patricia D. Summerford, Doyle M. Taylor, Lori J. Taylor, James C. Taylor as Trustee of Virginia M. Taylor Revocable Living Trust, J. Richard Thompson, Judy G. Toy, Marie B. Turner, Merle G. VanTassel, Maureen T. VanTassel, Michael J. Nicholson, Jana P. Vest-Nicholson, Margaret J. Vincent, Judy C. Webb, Carleton E. Wells, Susan K. Wells, Clayton L. Wells, Jennifer J. Wells, Clifton A. Wells, Yolanda D. Wells, Edwin L. Wells, Julia H. Wells, V. Keith Wells, Melinda S. Wells, Gordon M. West, Linda H. West, Jill White, Judy Caggiano, Joyce A. DiDomenico, Constance M. Whitney, Elizabeth A. Wilson, Paul A. Winkles, Carol J.



Winkles, Gail L. Winn, Charles L. Wolff, III, Bernadette G. Wolff, David J. York, Michelle York, Linda L. Young, and Thomas W. Webster

        Plaintiff(s),

vs.

BP Exploration & Production, Inc., BP America Production Company, BP P.L.C.,

        Defendant(s).

## Complaint for Damages under Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* and General Maritime Law

Plaintiffs, brings suit against BP Exploration & Production, Inc., BP America Production Company, BP P.L.C., and alleges:

## Common Allegations of Fact

1. Plaintiffs, are individuals or businesses residing or licensed to do business in the area affected by the Deepwater Horizon Oil Spill.

2. Defendant, BP Exploration & Production, Inc. ("BP Exploration"), is a Delaware corporation authorized to do business and conducting business in the State of Louisiana.

3. Defendant, BP America Production Company ("BP America"), is a Delaware corporation authorized to do business and conducting business in the State of Louisiana.



4. Defendant, BP P.L.C. ("BP"), is a British limited company, and which this Court has specific personal jurisdiction via the Louisiana long-arm statute, and the Federal long-arm statute Fed. R. Civ. P. 4(k).

5. Plaintiff(s) claims are admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and under 28 U.S.C. §1333, and pursuant to Article III, Section 2 of the U.S. Constitution which authorizes this Court to hear all cases of admiralty and maritime jurisdiction.

6. This Court also has jurisdiction pursuant to the Oil Pollution Act of 1990 (OPA), 33 U.S.C. §2717, and under federal law pursuant to 28 U.S.C. §1331.

7. Venue is proper in this District Court pursuant to 28 U.S.C. §1391 because the Defendants do business in this District and the events giving rise to Plaintiff(s)' claims occurred in this District. Additionally, venue is proper in this District pursuant to this Court's Pretrial Order No. 209 and Pretrial Order No. 60, which allows Plaintiff to directly file its complaint arising out of the oil spill in this District.

8. Plaintiff readopts and reincorporates and re-alleges the claims against the Defendants from the Master Complaint (Doc. 879) for private economic losses in the "B1 Bundle" filed in MDL 2179, including any subsequent supplemental or amending complaints thereto.



9. Plaintiff(s) opted-out of the Settlement Agreement, or in the alternative, were excluded from the settlement agreement, and made a presentment of their claims to Defendant(s), as indicated in **Exhibit A**, the sworn statement of Plaintiff(s), fully incorporated here by reference.

10. In April 2010, BP Exploration was the leaseholder and designated operator of the lease granted by former Minerals Management Service (MMS), which allowed it to perform oil exploration, drilling and other production-related operations in the location known as "Macondo".

11. Pursuant to the terms of the Settlement Agreement, BP Exploration was designated as the "operator" of the Macondo well and was responsible for the well. BP America contracted with Deepwater Horizon to drill exploratory wells at the Macondo site.

12. On or about April 20, 2010, as the result of improper design and execution of the well by BP, the well exploded which caused the Deepwater Horizon to sink. For several weeks, oil gushed out of the blown-out well into the Gulf of Mexico, which caused damage to the environment and contaminated property along the Gulf Coast, including Plaintiff's property.

13. At the time of the oil spill, Plaintiff operated a business and/or owned real property that was affected directly by the oil spill. The oil spill resulted in a lack of fishing and tourism and Plaintiff suffered as a result. Plaintiffs also sustained property damage as a result of oil on the



property, and suffered a diminution in property value because of the oil spill.

14. Pursuant to the Oil Pollution Act of 1990 (OPA), each of the defendants are liable unto the Plaintiff for damages when a vessel or facility from which oil is discharged into or upon navigable waters or shorelines. 33 U.S.C. §2702. Under the OPA, there is strict liability without regard to negligence. 33 U.S.C. §2702(a).

15. BP has admitted responsibility under the OPA and has agreed to waive any statutory limits on liability under the OPA.

## Count I – OPA Violations

16. Plaintiff(s) incorporate by reference all Common Allegations of Fact identified above.

17. Pursuant to 33 U.S.C. §2702(b)(2), Plaintiff has a claim for damages of lost earnings and damage to property that was proximately caused by the Oil Spill.

18. As a result of the April 20, 2010 Oil Spill, Plaintiff has suffered damages, including but not limited to: 1) damage to real or personal property; 2) diminution of property value; 3) lost earnings and profits; 4) pre-judgment and post-judgment interest; 5) attorney's fees and costs; and 6) punitive damages.



## Relief Requested

Plaintiff requests that this Court grant Plaintiff any and all damages available under law, including but not limited to damages for: 1) damage to real or personal property; 2) diminution of property value; 3) lost earnings and profits; 4) pre-judgment and post-judgment interest; 5) attorney's fees and costs; 6) punitive damages; and 7) any such other and further relief as this Court deems just and necessary under the circumstances. Additionally, Plaintiff requests a trial by jury.

## Count II – Maritime Law Violations

19.  Plaintiff(s) incorporate by reference all Common Allegations of Fact identified above.

20.  Pursuant to 46 U.S.C. § 30101(a) Plaintiff(s) bring this claim for physical injury and damages to their proprietary interests caused by Defendants.

21.   At all times material hereto, Defendants owed and breached duties of ordinary and reasonable care to Plaintiff(s) in connection with the drilling operations of the Deepwater Horizon and the maintenance of the vessel, its appurtenances and equipment, and additionally owed and breached duties to Plaintiffs to guard against and/or prevent the risk of an oil spill.

22.  Defendants breached its duties owed to Plaintiff(s).



23. Plaintiffs, were within an appreciable zone of risk and, as such, Defendants were obligated to protect them.

24. The blowout and explosions on the Deepwater Horizon were caused by Defendants' negligence.

25. Defendants knew or should have known that the acts and omissions described herein could result in damages to Plaintiff(s).

26. Defendants failed to exercise reasonable care while creating and participating in drilling operations to ensure the blowout and spill did not occur, and breached their duties owed to Plaintiff(s).

27. As a result of Defendants breach of its duties, Plaintiff(s) have been injured.

28. As a result of the April 20, 2010 Oil Spill, Plaintiff has suffered damages, including but not limited to: 1) damage to real or personal property; 2) diminution of property value; 3) lost earnings and profits; 4) pre-judgment and post-judgment interest; 5) attorney's fees and costs; and 6) punitive damages.

## Relief Requested

Plaintiff requests that this Court grant Plaintiff any and all damages available under law, including but not limited to damages for: 1) damage to real or personal property; 2) lost earnings and profits; 3) pre-judgment and post-judgment interest; 4) attorney's fees and costs; 5) punitive damages; and 6) any such other and further relief as this Court deems



just and necessary under the circumstances. Additionally, Plaintiff requests a trial by jury.

Submitted on May 11, 2016.

/s/ J. Alistair McKenzie
---

J. Alistair McKenzie, Esq.
Florida Bar Number: 91849
**McKenzie Law Firm, P.A.**
905 East Hatton Street
Pensacola, FL  32503-3931
Telephone:  (850) 432-2856
Facsimile:  (850) 202-2012
Email: amckenzie@mckenzielawfirm.com
Attorneys for Plaintiff(s)

